IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2021 MAR 11 PM 1:19
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

| | | |
|---|---|---|
| RICHARD JAMES RANDLE #648432 | § § | |
| V. | § § | CIVIL NO. A-21-CV-227-LY |
| TRAVIS COUNTY, TEXAS, et al. | § § § | |

## ORDER OF DISMISSAL

Before the court is Plaintiff's civil-rights complaint. Plaintiff seeks leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, Plaintiff is denied leave to proceed *in forma pauperis* and his complaint is dismissed without prejudice.

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he or she has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). A prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has three or more dismissals described in section 1915(g). Regardless of whether a prisoner proceeds *in forma pauperis* in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious, or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three-dismissal rule.

1

While incarcerated, Plaintiff has filed at least three civil actions or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim. *See Randle v. Witt*, No. 6:93-CV-361 (E.D. Tex.) (dismissed as frivolous July 27, 1993); *Randle v. Anderson Cnty. Comm'r. Court*, No. 6:93-CV-448 (E.D. Tex.) (dismissed as frivolous Aug. 17, 1994); *Randle v. Douglas*, No. 6:95-CV-334 (E.D. Tex.) (dismissed as malicious July 18, 1995); *Randle v. Figueroa*, No. 6:95-CV-323 (E.D. Tex.) (dismissed as frivolous Sept. 21, 1995). Therefore, Plaintiff may not file another civil action *in forma pauperis* while incarcerated unless Plaintiff is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

It is therefore **ORDERED** that Plaintiff is **DENIED** leave to proceed *in forma pauperis*, and his complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g). Plaintiff's complaint may be reinstated only if the full filing fee is paid simultaneously with the filing of a motion to reinstate within 30 days of the date of this Order.

SIGNED this __11th__ day of March, 2021.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE